## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ROBERT G. MCCONNELL                           CIVIL ACTION

VERSUS
                                              NO. 11-CV-00153-SDD-SCR
HIRSCHBACH MOTOR LINES, INC.,
AN IOWA CORPORATION, AND WILLIAM
D. TAYLOR

### RULING ON MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SOCIAL SECURITY DISABILITY BENEFITS

### I.     Introduction

Before the Court is the *Motion in Limine to Exclude Evidence of Social Security Disability Benefits*[1] filed by Defendants, Hirschbach Motor Lines, Inc., an Iowa Corporation, and William D. Taylor ("Defendants").   The motion is opposed. For the reasons that follow, the Court GRANTS Defendants' motion.

### II.    Factual Background

Plaintiff, Robert G. McConnell, filed the instant lawsuit against Defendants arising out of a motor vehicle accident on October 26, 2009 ("m/v accident").   Plaintiff alleges that he was injured "when the vehicle in which he was riding was rear-ended by a Hirschbach Motor Lines, Inc. truck driven by Defendant Taylor."[2]   Plaintiff claims that he sustained multiple injuries arising out of this incident, "including injuries to his left arm, left shoulder, left leg, head, neck, and back."[3]   Plaintiff seeks to recover monetary damages for his past, present, and future medical bills, past, present, and future pain

---

[1] Rec. Doc. 68.
[2] Rec. Doc. 1, p. 2, ¶5.
[3] Rec. Doc. 1, p. 2, ¶5.

and suffering, and severe mental anguish.[4]  He also seeks recovery for past and future loss of wages and earning capacity.[5]

On March 1, 2013, the Social Security Administration awarded Plaintiff social security disability benefits on the finding that Plaintiff was disabled as of September 15, 2011.[6]  Defendants move to exclude evidence of the Plaintiff's application for or his award of social security disability benefits for the following reasons: "(1) the determination of [Plaintiff's] disability, if any, and his entitlement to an award of past or future economic benefits is exclusively within the province of the jury; (2) the determination of [Plaintiff's] disability was made under the non-adversarial statutory scheme contained in 20 C.F.R. §404.1520; (3) the decision awarding social security benefits constitutes hearsay within hearsay as to a vocation rehabilitation expert called as a witness in the social security disability hearing and which evidence and testimony is contrary to Magistrate Judge Stephen C. Riedlinger's *Order* which denied [Plaintiff's] motion for leave of Court to designate a vocational rehabilitation expert; and (4) the award of benefits was based upon multiple medical and/or psychological conditions, some of which are unrelated to the subject accident."   In the alternative, Defendants contend that the probative value of the application for and award of disability benefits is outweighed by the unfair prejudice the admission such evidence may have on the jury.

## III.   Law and Analysis

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the

---

[4] Rec. Doc. 1, p. 2, ¶7.
[5] Rec. Doc. 1, p. 2, ¶7.
[6] Rec. Doc. 66-5, Decision, Social Security Administration, Office of Disability Adjudication and Review, March 1, 2013.

determination of the action more probable or less probable than it would be without the evidence."[7]  Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[8]

The Court finds that Plaintiff's application for and his award of social security disability benefits is irrelevant to his pending personal injury lawsuit.  The Plaintiff alleged an onset date of September 15, 2011, for his disability benefits award, approximately two (2) years after the m/v accident at issue in this case.  Whether an individual is "disabled" under the Social Security Act ("SSA") requires the utilization of a five (5) part test.  20 CFR 404.1520(a).  Specifically, in making his determination that Plaintiff was disabled, the Administrative Law Judge ("ALJ") considered the following at the time of Plaintiff's hearing: (1) "whether the claimant is engaging in substantial gainful activity"; (2) "whether the claimant has a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe'"; (3) "whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1"; (4) after making a determination of claimant's residual functional activity, a determination must be made as to "whether the claimant has the residual functional capacity to perform the requirements of his past relevant work"; and (5) "whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience."  This analysis is distinct and unique to the SSA.  Moreover, the factors and conditions considered by the ALJ in reaching a determination of disability are not the

---

[7] Fed. R. Evid. 402.
[8] Fed. R. Evid. 403.

same factors and evidence that will be considered by the trier of fact in this case.  For instance, the award of disability benefits by the ALJ is based upon multiple medical and psychological diagnoses, many of which are unrelated to the m/v accident. (i.e, history of degenerative disc disease of lumbar spine; degenerative joint disease of the bilateral knees; bilateral carpal tunnel syndrome, status post right carpal tunnel release; situational depression; anxiety).  Therefore, the Court finds that Plaintiff's application for and award of social security disability benefits is irrelevant and inadmissible.

However, even if the Plaintiff's application for and his award of social security disability benefits disability were relevant, they would be excluded because the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[9]  In a tort suit, such as the one before the Court, "[i]t is axiomatic that the plaintiff . . .must establish that the defendant caused his damages and the extent of his damages."[10]  Therefore, in the upcoming jury trial one of the issues to be weighed by the trier of fact will be the nature and extent of injury sustained by the Plaintiff in the m/v accident. Considering that the Plaintiff did not seek disability benefits until two (2) years after the date of the subject m/v accident, the Court finds that evidence of the Plaintiff's application for and his award of social security disability benefits would unnecessarily confuse the jury, particularly regarding the extent and degree of Plaintiff's damages.

The Court further finds that if Plaintiff seeks to introduce the statements made by the vocational rehabilitation expert contained within the ALJ's decision—to establish the

---

[9] Fed. R. Evid. 403.
[10] *Robinson v. Academy Louisiana Company, L.L.C.*, 2011 WL 2197639, *2 (M.D.La. 2011).

truth of the matter asserted—such statements are inadmissible hearsay.[11]   The Court also recognizes that allowing such statements would run afoul of the Magistrate Judge's ruling expressly prohibiting Plaintiff from extending expert disclosure deadlines to allow Plaintiff to designate a vocational rehabilitation expert.[12]

## IV.    Conclusion

Defendants' *Motion in Limine to Exclude Evidence of Social Security Disability Benefits* is GRANTED.

Baton Rouge, Louisiana, this /5 day of October, 2013.


**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] Fed. R. Evid. 802.   The vocational rehabilitation expert offered testimony during Plaintiff's disability hearing that the ALJ considered and relied upon in rendering his decisions as to whether Plaintiff was able to perform past relevant work and whether he could perform work considering his age, education, work, experience, and residual functional capacity.   See, Rec. Doc. 66-5, Decision, Social Security Administration, Office of Disability Adjudication and Review, March 1, 2013, pp. 7-9.
[12] Rec. Doc. 67.

DM No. 401                                          5