UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT G. McCONNELL                             CIVIL ACTION

VERSUS
                                                NO. 11-CV-00153-SDD-SCR
HIRSCHBACH MOTOR LINES, INC.,
AN IOWA CORPORATION, AND WILLIAM
D. TAYLOR

## RULING ON MOTION IN LIMINE TO EXCLUDE EVIDENCE OF VETERAN'S DISABILITY CLAIMS

### I.   Introduction

Before the Court is Plaintiff's *Motion in Limine Relative to Veteran's Disability Claims Made by Robert McConnell*.[1]  The motion is opposed. For the reasons that follow, the Plaintiff's Motion is DENIED and admissibility of Plaintiff's Veteran's Disability Claims is deferred to the merits.

### II.  Factual Background

Plaintiff, Robert G. McConnell, filed the instant lawsuit against Defendants arising out of a motor vehicle accident on October 26, 2009 ("m/v accident").  Plaintiff alleges that he was injured "when the vehicle in which he was riding was rear-ended by a Hirschbach Motor Lines, Inc. truck driven by Defendant Taylor."[2]  Plaintiff claims that he sustained multiple injuries arising out of this incident, "including injuries to his left arm,

---

[1] Rec. Doc. 82.
[2] Rec. Doc. 1, p. 2, ¶5.

left shoulder, left leg, head, neck, and back."[3]  Plaintiff seeks to recover monetary damages for his past, present, and future medical bills, past, present, and future pain and suffering, and severe mental anguish.[4]  He also seeks recovery for past and future loss of wages and earning capacity.[5]

## III. Analysis

At the outset, the Court notes that Veteran's Administration Record is not listed on the Defendants' Exhibit List,[6] presumably because non-medical records and findings by the Veteran's Administration ("VA") constitute inadmissible hearsay. Additionally, the Court notes that the Plaintiff's VA disability claims appear to address service related injuries and resulting impairments to Plaintiff's *right* elbow and *right* great toe, whereas Plaintiff attributes *left* sided injuries to the motor vehicle accident made the subject of the instant suit. Hence the Plaintiff's prior service related injuries and resulting impairments appear to be irrelevant to the injuries Plaintiff claims to have sustained in the subject accident.

Nonetheless, Plaintiff seeks damages for past and future loss of wages and earning capacity in this case.[7]  Thus, the Plaintiff's medical and impairment history may be probative of the nature and extent of damages caused by the subject motor vehicle accident. This relevance determination will be made at trial.

## IV. Conclusion

The Court declines to rule on the admissibility of statements allegedly made by Plaintiff in connection with his application for Veteran's Disability benefits which may be

---

[3] Rec. Doc. 1, p. 2, ¶5.
[4] Rec. Doc. 1, p. 2, ¶7.
[5] Rec. Doc. 1, p. 2, ¶7.
[6] Rec. Doc. 74.
[7] Rec. Doc. 1, p. 2, ¶7.

offered for impeachments purposes. Admissibility of impeachment evidence will be made at trial. Thus, Plaintiff's Motion is DENIED and admissibility of Plaintiff's Veteran's Disability Claims is deferred to the merits.

Baton Rouge, Louisiana the 15 day of October, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA